UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Deshon Hereford,

    Petitioner

v.

Neven *et al*,

    Respondents

2:14-cv-01390-JAD-CWH

**Order Granting Respondents' Motion to Dismiss**
[ECF 6]

Pro se inmate Deshon Hereford filed a petition for a writ of habeas corpus challenging his 2008 Nevada state convictions.[1] Hereford alleges that he received ineffective assistance of counsel during both his trial and direct appeal.[2] Respondents moved to dismiss arguing that Hereford's petition was untimely under the AEDPA,[3] and that Hereford failed to factually support the allegations in his petition.[4]

As required under *Klingele v. Eikenberry*[5] and *Rand v. Rowland*,[6] I cautioned Hereford that failure to respond to respondents' motion to dismiss could result in the dismissal of his claims.[7] I instructed him that if he did not agree that his claims should be dismissed, he "must file . . . points

---

[1] Hereford was convicted of two counts conspiracy to commit a crime; two counts of burglary while in possession of a deadly weapon; and three counts of robbery with use of a deadly weapon. ECF 8-16.

[2] ECF 3.

[3] 28 U.S.C. § 2244.

[4] ECF 6 at 4.

[5] *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1998).

[6] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

[7] ECF 12 at 2.

and authorities in opposition within 14 days of" respondents' motion.[8]  Hereford has not opposed respondents' motion or requested an extension to file an opposition, and the deadline for doing so passed more than six months ago.[9]

Local Rule 7-2(d) provides, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  As Hereford has filed no opposition to respondents' motion to dismiss his petition, I deem his failure a concession that the arguments are valid and a consent to dismissal of his petition.[10]  Accordingly, with good cause appearing and no reason to delay,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that respondents' motion to dismiss **[ECF 6] is GRANTED**.  Hereford's petition for writ of habeas corpus is dismissed with prejudice.  The Clerk of Court is instructed to **CLOSE** this case.

Dated this 27 day of August, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[8] *Id.*

[9] Respondents filed their motion to dismiss on February 9, 2015, Hereford's response was due 14 days later on February 23, 2015.  ECF 6.  There is no indication that any motions or orders posted to Hereford were returned as undeliverable, and Hereford has not notified me of a change of address.

[10] I note, without deciding, that the exhibits provided by respondents appear to demonstrate that Hereford's petition is indeed untimely under the AEDPA.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).